UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BELIZAIRE PRESUME,

Petitioner,

v.

ANDRE QUINONES, et al.,

Respondent.

Case No. C26-4569-MLP

ORDER

The petition for writ of habeas corpus (dkt. # 1) is GRANTED.[1] Federal Respondents have expressed their non-opposition to Petitioner Belizaire Presume's request for habeas relief. (Dkt. # 5 at 1 ("Federal Respondents request that this Court decide whether a writ should be granted based on the Petition and related filings.").) Respondents' non-opposition represents both a concession that the petition has merit and a forfeiture of any argument that they might have raised. *Martinez v. Sessions*, 873 F.3d 655, 660 (9th Cir. 2017) ("The government does not offer any argument on the merits of this petition; therefore, it has waived any challenge to the arguments [the opposing party] raised.")); *see also Carrillo v. Mullin*, 2026 WL 2815883, at *1 (C.D. Cal. Sep. 18, 2026). "In our adversarial system of adjudication, we follow the principle of

[1] The parties consented to proceed before the undersigned Magistrate Judge. (Dkt. # 3.)

party presentation," meaning that "in both civil and criminal cases, in the first instance and on appeal, we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) (citation modified). Further, "as a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief." *Id.* at 375–76 (citation modified). The Court could grant the petition on this basis alone. The Court also finds, however, that Petitioner has sufficiently established in his petition that he is entitled to release.

On October 17, 2022, Petitioner, his wife, and their daughter presented themselves at the Port of Entry in Hidalgo, Texas, through the CBP One process, and were paroled into the United States. (Dkt. # 1 at 2.) Petitioner was issued a Notice to Appear ("NTA") classifying him as an arriving alien and charging him as removable under INA § 212(a)(7)(A)(i)(I). (*Id.*) After their entry into the country, Petitioner and his family moved to Washington state and the immigration proceedings were transferred to the Seattle Immigration Court. (*Id.* at 5.) Petitioner filed a timely application for asylum on August 4, 2023; his final hearing is scheduled for February 14, 2029. (*Id.*) Petitioner also applied for and received Temporary Protected Status, although the program has been since been ended. (*Id.*) After their parole into the United States, Petitioner and his family were scheduled for regular ICE check-ins. (*Id.*) At first, the appointments were every few months, with the time extended as they demonstrated ongoing compliance with the check-in appointments. (*Id.*) On October 21, 2025, they were told their next check-in was not until October 20, 2026. (*Id.*) On October 20, 2026, Petitioner attended the scheduled check-in with his family and was subsequently detained. (*Id.*) ICE informed Petitioner that he was being detained for criminal charges. (*Id.* at 3.) ICE transported Petitioner to the Northwest Immigrant Processing

Center ("NWIPC"). (*Id.*) Since his detention, Petitioner has not received any written ICE documents, has not been scheduled for court, and has not been told what is happening with his case. (*Id.*) Petitioner admits to having been stopped and detained by police in January 2026 on suspicion of driving under the influence, but Petitioner was never charged and denies the allegations. (Dkt. # 1-2 at 1 (Declaration of Belizaire Presume).)

Based on his allegations, the Court concludes that Petitioner's petition demonstrates a basis for release under the Due Process Clause. *See, e.g.*, *E.A.T.-B. v. Wamsley*, 795 F. Supp. 3d 1316 (W.D. Wash. Aug. 19, 2025); *Carrero Sanchez v. Warden, et al.*, No. 2:26-cv-3986, dkt. # 9 at 3 (W.D. Wash. Nov. 16, 2026).

The government's decision to re-detain Petitioner without notice or hearing violated his right to procedural due process and Petitioner has shown by a preponderance of the evidence that his immigration detention is unlawful.

Accordingly, the Court GRANTS the unopposed petition (dkt. # 1) and ORDERS that:

(1) Respondents shall release Petitioner **no later than November 26, 2026**, on the same conditions that governed his release before his detention;

(2) Respondents shall file a status report no later than **November 30, 2026**, confirming Petitioner's release in compliance with this order;

(3) The Court DENIES the request for injunctive relief as the relevant factors were not addressed by Petitioner; and

(4) The Court will entertain any post-judgment motion for attorney's fees, as requested in the petition. Any fee petition must be filed within the deadline set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

//

Dated this 25th day of November, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge